UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

             Plaintiff,

v.                                        Case No:   2:16-cv-742-FtM-38MRM

BONITA DINER, LLC,

             Defendant.
_____/

**<u>ORDER</u>**[1]

        This matter comes before the Court on Plaintiff's Stipulation for Dismissal of Case

with Prejudice (Doc. 17) filed on March 31, 2017.   Plaintiff requests that the Court dismiss

this action with prejudice but retain jurisdiction to enforce the terms of an undisclosed

Settlement Agreement and determine the amount of attorney's fees, costs, expert fees,

and litigation expenses to which Plaintiff is entitled.   Plaintiff also states that the

effectiveness of their stipulated dismissal is contingent upon the Court retaining

jurisdiction as so requested.

        A Clerk's Entry of Default (Doc. 14) was issued against Bonita Diner, LLC on

January 30, 2017.   Therefore, Defendant has not appeared in this case and thus is not

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

yet a party.[2] Plaintiff seeks the entry of a final judgment in its favor based on a stipulation between Plaintiff and Bonita Diner, LLC.

The request will be denied at this time. Defendant remains in default and no formal appearance has been entered subjecting it to the Court's jurisdiction. If Plaintiff desires the entry of a default judgment in its favor, including attorney's fees and costs, a motion seeking such relief pursuant to Fed. R. Civ. P. 55(b) should be filed. The Court is not otherwise inclined to deem Plaintiff as prevailing, or entertain a motion for fees and costs, without Defendant formally appearing in the case[3] and agreeing to the "stipulation," or without the entry of a default judgment in Plaintiff's favor.

As Defendant is in default, the only other option besides moving for the entry of default judgment is a voluntarily dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The Court will allow Plaintiff a period of time to inform the Court how it wishes to proceed. Failure to respond will result in this Court dismissing this case for failure to prosecute.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Stipulation for Dismissal of Case with Prejudice (Doc. 17) is **DENIED without prejudice**.

(2) Plaintiff shall have up to and including **April 24, 2017** to move for default judgment or voluntarily dismiss this case.

---

[2] Although Defendant filed a "response" to the request for clerk's default (Doc. 13), it was stricken by the Magistrate Judge as untimely and improper. (Doc. 15).

[3] The Eleventh Circuit has held that a corporation cannot proceed *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Additionally, Local Rule 2.03(e) indicates that a corporation "may appear and be heard only through counsel admitted to practice in the Court . . . ."

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record